## N. Y. SUPERIOR COURT.

### JOHN RILEY agt. JOHN BROWN.

Where on a motion by defendant to vacate a judgment against him and to discharge him from custody, it is referred to a referee to take proof to ascertain a single question of fact, to wit: whether the summons in the action was ever served on the defendant, and the referee reports, in favor of the defendant, he cannot move for a confirmation of the report until eight days notice of filing the report has been given to the plaintiff, that the latter may file his exceptions to the report, the motion will be denied as premature.

But on a final hearing at special term, after the filing of the report and exceptions taken thereto, the court may allow the plaintiff's motion to set aside the report upon his exceptions, and the defendant's application for confirmation of the report to come on to argument together.

The court has ample power under § 271 of the Code, to direct the determination of a material and controverted question of fact arising upon a motion to be as. certained by a referee.

*At Special Term, June,* 1872.

MOTION to vacate judgment and to discharge the defendant.

CHARLES S. SPENCER, *for the motion.*
SAMUEL H. RANDALL, *in opposition.*

FREEDMAN, *J.*—The motion, founded upon the order to show cause of June 7th, to vacate the judgment and execution and to discharge the defendant from custody, is premature.

The order of reference heretofore made by the court directed the referee not merely to take proof, but to determine the question referred to him, which question is one not arising upon the pleadings. Even upon the assumption, therefore, of the regularity of defendant's proceedings up to

the time of the rendition of the referee's report, the said report before the making of this motion, should have been filed as required by rule 39 of the general rules and notice of such filing given. That not having been done, the motion must be dismissed, but without costs.

I will add, that whenever the report shall have been filed, the plaintiff will have eight days after the service of notice of such filing, within which to file exceptions. I can find no warrant in the law to abridge that time. But if exceptions are filed, plaintiff's motion to set aside the report upon such exceptions, and defendant's motion for a confirmation of the report and for final relief thereon may be heard together at special term, at the same time and place, and, upon a proper application may be required to be thus argued on short notice.

The report having been filed and the plaintiff having excepted, thereto a final hearing was subsequently had, and the court rendered the following decision:

FREEDMAN, J.—The order of reference made upon the argument of the motion, when originally brought on, directed the referee not merely to take proof and to report the same, with his opinion thereon, but to determine a disputed question of fact arising upon such motion, namely: whether or not there has been a service of the summons in this action upon the defendant John Brown. Although it is not the usual practice to order a reference in that form, yet the power of directing the determination of a material and controverted question of fact arising upon a motion in the manner herein pursued has, as I am informed, been exercised by the judges of this court on prior occasions, and has never before this time been seriously questioned. Indeed the power seems to have been conferred in express terms by the third sub-division of § 271 of the Code.

The testimony taken by the referee and submitted upon the present motion appears, on examination, to be amply sufficient to sustain his finding upon the question of fact re-

ferred to him for · his decision, and there being but a single question referred and no issues of law, the report is unobjectionable in point of form.

Plaintiffs' exceptions to the referee's report must be overruled and the report confirmed.

Upon the whole case, as brought on for final hearing, the defendant is entitled to have the judgment entered against him, and all proceedings founded thereon vacated and set aside, and to be discharged from imprisonment.